THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY W. MILLARD, Appellant.— Motion for order permitting appeal to be heard on typewritten record granted. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of G. WARD YEOMANS, Appellant, against EASTERN ROCK PRODUCTS, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion to extend time for filing of record and for permission to prosecute appeal on typewritten record denied. Motion to dismiss appeal granted, without costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ,

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADALINE H. FRELINGHUYSEN and Others, as Trustees of the Trust Created for the Benefit of PETER HOOD BALLANTINE FRELINGHUYSEN, JR., by Deed Dated the 31st Day of July, 1917, and Supplemental Deed, Dated the 27th Day of June, 1922, Made, Executed and Delivered by LOUISINE W. HAVEMEYER, Relators, v. MARK GRAVES, President, and Others, Constituting the State Tax Commission, Respondents.—Determination confirmed, with fifty dollars costs and disbursements, on the authority of *People ex rel. Frelinghuysen* v. *Graves* (*ante*, p. 105), decided herewith. McNamee and Heffernan, JJ., concur; Hill, P. J., and Rhodes, J., concur in the result; Bliss, J., dissents on the authorities cited in his dissent in *People ex rel. Frclinghuysen* v. *Graves* (*ante*, p. 108), decided herewith.

FRANK J. SHANNON, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 22101.) — Appeal from judgment of the Court of Claims awarding claimant damages for breach of contract committed by the State in connection with contract with plaintiff's assignor for the installation of heating appliances in Sing Sing Prison. The contract called for the furnishing and installation of six automatic stokers and forced draft fans and engine to operate the same. As required by the contract, specifications and plans for the stokers, blowers and steam engine were submitted by the contractor to the State and approved by the State before installation and were then installed in accordance therewith. After installation it was ascertained that this equipment would not perform the work for which they were intended. The State condemned the blower and directed the contractor to install one of another type, which the contractor did over protest. The claim is for the installation of this additional equipment. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.